While the trial court's ore tenus determination that there was a common scheme of development so as to support the implied restrictive covenant is not lightly to be overturned, I return to the facts of the seminal case ofSanborn v. McLean, 233 Mich. 227, 206 N.W. 496
(1925), where the concept of "reciprocal negative easement" originated. In that case, the common grantor of the various lots included a restriction to residential use in conveyances of the first 20 lots sold over a period of several months. The first lot that did not contain the restriction, the lot conveyed to the defendants' predecessor in title, was sold nine months after the initial conveyance. The conveyances thereafter were not consistent — some included the restriction and some did not. The evidence before the trial court in Sanborn, however, *Page 397 
reflected uniform adherence to the restriction. The Supreme Court of Michigan held that, while the defendants' lot was in the hands of the common owner of that lot and the neighboring lots, a reciprocal negative easement attached to the defendants' lot by way of sale of other lots with restrictions that were at that time beneficial to the defendants' lot.
As the main opinion points out, in the instant case, the common owner conveyed four lots without a setback restriction before conveying the first lot with such a restriction. Thereafter, only three of the next eight conveyances contained such a restriction. After that, three of the next four conveyances contained the setback restriction. I would withhold applicability of the doctrine of reciprocal negative easement in circumstances where the common owner has not imposed the restriction on the first lot or lots sold in subdivided lands. Under these circumstances, I conclude that a reciprocal negative easement did not attach to the Collinses' lot while it was in the hands of the common owner. Here, the most that can be said for the common owner is that his interest in making conveyances containing the setback restriction ramped up over a period of a few years. The elusive character of such manifestation of intent imposes too great a burden on the ascertainment of correct title to warrant recognition of the existence of an encumbrance. Because I conclude that, as a matter of law, the facts here do not support recognition of a reciprocal negative easement, I concur to reverse the judgment of the trial court, without concern over impermissible disregard of ore tenus
findings of fact.
SMITH, J., concurs.